**Order filed August 30, 2019**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-19-00260-CV**

_____

## GEORGINA RENDON, Appellant

## V.

## BOBBY SWANSON, BOBBY SWANSON, INC., AND MODEL CLEANERS, Appellees

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17-07-0806-CV**

## O R D E R

On August 19, 2019, Georgina Rendon filed a notice of appeal from a judgment signed on March 22, 2019. When the appeal was filed in this court, we noted that the notice of appeal appeared to be untimely under TEX. R. APP. P. 26.1. Rendon indicated in her notice of appeal that it was timely filed because she did not receive notice of the trial court's final judgment until May 20, 2019, on which date she filed a motion for new trial. *See* TEX. R. CIV. P. 306a; *see also* TEX. R. APP. P. 26.1(a)(1). We abate this appeal.

TEX. R. CIV. P. 306a provides that, if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, the appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. TEX. R. CIV. P. 306a.4; *see also* TEX. R. APP. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a.5; *see also* TEX. R. APP. P. 4.2(b). After hearing the motion, the trial court shall sign a written order indicating the date when the party first received notice or acquired actual knowledge of the signing of the judgment. TEX. R. APP. P. 4.2(c).

Rendon has not presented this court with any finding by the trial court reflecting the date that Rendon or her attorney received notice or acquired actual knowledge of the judgment. We abate this appeal to provide Rendon an opportunity to file with the trial court the appropriate motion and obtain the requisite findings from that court. If this matter is pursued by Rendon in the trial court, the trial court clerk is directed to furnish the trial court's findings to this court on or before September 30, 2019.

The appeal is abated.

August 30, 2019                                      PER CURIAM

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.